PONDER, Judge.
Defendant, a juvenile, appealed from the judgment denying his motion to suppress a confession.
The issue is the admissibility of taped confessions and statements taken purportedly in violation of the United States Constitution [1] and the Louisiana Constitution[2] and of LSA-R.S. 13:1577(C)[3].
*167 We reverse and remand.
Admittedly, Scotty Lynn Collum, a thirteen year old, was given the Miranda warnings several times by the California law enforcement officials who questioned him. Admittedly, also the juvenile was questioned without being allowed to consult with an attorney interested in the juvenile’s welfare or an adult interested in the juvenile’s welfare and fully advised as to the juvenile’s rights before giving the confession. The State, however, contends that the juvenile waived his rights to counsel and against self-incrimination.
In the case of State, In the Interest of Dino, 359 So.2d 586 (La.1978) the court said:
“. . . the purported waiver by a juvenile must be adjudged ineffective upon the failure by the State to establish any of three prerequisites to waiver, viz., that the juvenile actually consulted with an attorney or an adult before waiver, that the attorney or adult consulted was interested in the welfare of the juvenile, or that, if an adult other than an attorney was consulted, the adult was fully advised of the rights of the juvenile.”
We hold, therefore, that the purported waiver was ineffective and the confession and inculpatory statements should have been suppressed.
The State contends that the Dino holding should not be given a retroactive effect. The Supreme Court, in granting a writ and reversing in State of Louisiana, In the Interest of Leander Jones, 360 So.2d 1181 (La.1978), gave instructions to reconsider in light of the Dino case. The relevant facts in the Jones case are indistinguishable from those in the present case.
While the procedure employed, that is of acceptance of a guilty plea with reservation of right to appeal the denial of the motion to suppress, is unusual, it has been approved in criminal cases. See State v. Crosby, 338 So.2d 584 (La.1976). We approve the use in juvenile cases.
We do not reach the question of the purported violation of LSA-R.S. 13:1577(C), in view of the above conclusions.
The judgment overruling the motion to suppress is reversed. The case is remanded to the juvenile court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.

. U.S.Const., 5th Amendment:
“No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.”

. La.Const. of 1974, Art. 1 § 13.
“When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel. In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. The legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents.”

.LSA-R.S. 13:1577(C):
“Except as hereinafter provided, no child shall be confined in any police station, prison *167 or jail, or be transported or detained in association with criminal, vicious or dissolute persons. A child fifteen years of age or older may be placed in a jail or other place of detention for adults, but in a room or ward entirely separate from adults.”